CARLSMITH BALL LLP

| | |
|---|---|
| DUANE R. MIYASHIRO | 6513 |
| JACOB L. MATSON | 9379 |

ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
dmiyashiro@carlsmith.com
jmatson@carlsmith.com

Attorneys for Defendants
MAUI-MOLOKAI SEA CRUISES dba PRIDE OF MAUI
and M-V PRINCE KUHIO, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>MAUI-MOLOKAI SEA CRUISES, a Hawaii Limited Partnership, dba PRIDE OF MAUI; M-V PRINCE KUHIO, INC., a Hawaii Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO.  CV 14-00415 LEK-RLP (Copyright Infringement)<br><br>**ANSWER** TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS [DOC. 1] FILED SEPTEMBER 12, 2014; CERTIFICATE OF SERVICE |

# ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS [DOC. NO. 1]

Defendants MAUI-MOLOKAI SEA CRUISES dba PRIDE OF MAUI ("**Pride of Maui**") and M-V PRINCE KUHIO ("**Prince Kuhio**") (collectively "**Defendants**") by and through their attorneys, Carlsmith Ball LLP, answer the Complaint for Copyright Infringement and Digital Millennium Copyright Act Violations filed September 12, 2014 (the "**Complaint**") as follows:

1. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 1 of the Complaint.

2. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 5 of the Complaint.

6. With respect to the allegations in Paragraph 6 of the Complaint, Defendants admit that Plaintiffs filed this action seeking certain remedies and damages, but deny all remaining allegations therein.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendants admit that they have a Facebook page which contains certain information and content with links to other websites, but deny all remaining allegations contained therein.

12. With respect to the allegations in Paragraph 12 of the Complaint, Defendants admit that they have a Pinterest page which contains certain information and content with links to other websites, but deny all remaining allegations contained therein.

13. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 13 of the Complaint.

14. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 14 of the Complaint.

15. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 15 of the Complaint.

16. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 16 of the Complaint.

17. Defendants lack information or knowledge either to admit or to deny the allegations in Paragraph 17 of the Complaint.

18.     With respect to the allegations in Paragraph 18 of the Complaint, Defendants admit that Pride of Maui used certain photographic works at issue in this action, but deny all remaining allegations contained therein.

19.     With respect to the allegations in Paragraph 19 of the Complaint, Defendants admit that Pride of Maui used certain photographic works at issue in this action, but deny all remaining allegations contained therein.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     With respect to the allegations in Paragraph 29 of the Complaint, Defendants admit that the alleged dispute is not resolved, but deny all remaining allegations contained herein.

## FIRST CAUSE OF ACTION
## (COPYRIGHT INFRINGEMENT)

30. Defendants incorporate herein by this reference each and every response contained in its answers to Paragraphs 1 through 29 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

## SECOND CAUSE OF ACTION
## (DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS)

44. Defendants incorporate herein by this reference each and every response contained in its answers to Paragraphs 1 through 43 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

## FIRST DEFENSE

51. The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

52. Plaintiffs' claims are barred in whole or in part by the statute of limitations.

## THIRD DEFENSE

53. The Complaint is barred by the doctrines of laches, waiver and/or estoppel.

## FOURTH DEFENSE

54. The court lacks subject matter jurisdiction over all or some of the claims asserted in the Complaint.

## FIFTH DEFENSE

55. Plaintiffs' claims are barred because Plaintiffs' lack standing to bring all or some of the claims asserted in the Complaint.

## SIXTH DEFENSE

56. The images identified in the Complaint have not been properly registered with the United States Copyright Office.

## SEVENTH DEFENSE

57. Plaintiffs' claims are barred in whole or in part by the doctrine of de minimis use.

## EIGHTH DEFENSE

58. Plaintiffs' claims are barred in whole or in part by the doctrine of fair use.

## NINTH DEFENSE

59. Plaintiffs' claims are barred in whole or in part by implied contract.

## TENTH DEFENSE

60. Defendants intend to rely upon the defense of license.

## ELEVENTH DEFENSE

61. Defendants intend to rely upon the defense of payment.

## TWELFTH DEFENSE

62. Plaintiffs are not entitled to injunctive relief because adequate remedies are available at law, and traditional equitable factors preclude injunctive relief.

## THIRTEENTH DEFENSE

63.    Plaintiffs' claims for punitive damages cannot be sustained because an award of such damages would violate Defendant's procedural and substantive due process rights under the United States Constitution and the Hawai'i State Constitution.

## FOURTEENTH DEFENSE

64.    Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate any damages they may have.

## FIFTEENTH DEFENSE

65.    Defendants intend to rely on any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendants demand judgment in its favor as follows:

(a)    that judgment be entered in favor of Defendants and against Plaintiffs on Plaintiffs' Complaint and that Plaintiffs take nothing or obtain any relief thereby;

(b)    that Defendants be awarded for its costs, disbursements, and attorney's fees incurred herein pursuant to 17 U.S.C. § 505 or any other applicable provision of the law; and

(c) that Defendants be awarded such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaiʻi, November 21, 2014.

    /s/ Duane R. Miyashiro
DUANE R. MIYASHIRO
JACOB L. MATSON

Attorneys for Defendants
MAUI-MOLOKAI SEA CRUISES dba
PRIDE OF MAUI and M-V PRINCE
KUHIO, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>        Plaintiffs,<br><br>vs.<br><br>MAUI-MOLOKAI SEA CRUISES, a Hawaii Limited Partnership, dba PRIDE OF MAUI; M-V PRINCE KUHIO, INC., a Hawaii Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>        Defendants. | CIVIL NO.  CV 14-00415 LEK-RLP<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served electronically through CM/ECF upon the following parties:

    J. STEPHEN STREET     jsstreet@ip-law-hawaii.com
    Attorney at Law
    134 Maono Place
    Honolulu, HI 96821
    and

2.

| | |
|---|---|
| DANE ANDERSON | dane@andersonlawhawaii.com |

Attorney at Law, LLLC
P. O. Box 1621
Honolulu, HI 96806

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

DATED: Honolulu, Hawai'i, November 21, 2014.

/s/ Duane R. Miyashiro
DUANE R. MIYASHIRO
JACOB L. MATSON

Attorneys for Defendants
MAUI-MOLOKAI SEA CRUISES dba
PRIDE OF MAUI and M-V PRINCE
KUHIO, INC.